**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ZACHARY JENKINS, on behalf of himself and others similarly situated, | : : : | |
| *Plaintiff(s),* | : : | Case No. 1:23-cv-00558-JPH |
| v. | : : | District Judge Jeffery P. Hopkins |
| MCC BROKERAGE, LLC, | : : : | Magistrate Judge Karen L. Litkovitz |
| *Defendant(s).* | : : | |

---

**RULE 26(f) REPORT OF PARTIES**

---

In accordance with Fed. R. Civ. P. 26(f), a meeting was held on Jul 23, 2024, and was attended by: Anthony Paronich for Plaintiff and Matthew A. Keilson for Defendant.

1. **Rule 26(a) Disclosures.** The parties:

    ☐ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

    ☒ will exchange such disclosures by August 14, 2024.

    ☐ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

2. **Magistrate Consent.** The parties:

    ☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    ☒ do <u>not</u> unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    ☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

  **4.**  **Discovery Plan.**

    a.  *Discovery Issues.* Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

**Defendant**. This is a putative class action in which Plaintiff claims that MCC violated the do-not-call (DNC) provisions of the Telephone Consumer Protection Act (TCPA) when it called him more than once within a 12-month period, as is required to state a claim. *See* 47 U.S.C.A. § 227(c)(5) (requiring more than one telephone call within any 12-month period to state a DNC claim). But MCC Brokerage *didn't* place those alleged calls, which originated from phone numbers that MCC has never used or owned. It instead received a single inbound transfer from Mr. Jenkins, after which MCC called him only once because he requested a call back (as confirmed with a call recording). In other words, MCC is the wrong defendant here because *another company* for which MCC cannot be vicariously liable placed the calls.

  Plaintiff has already recognized that MCC is the wrong defendant here too. That's why he *repeatedly* asked to "issue targeted subpoenas to determine" if MCC "is the correct defendant." *See* ECF No. 6 (joint motion seeking extension); *see also* ECF No. 7 (stating in joint motion that Plaintiff will issue "targeted subpoenas" to "determine whether MCC Brokerage is the proper defendant"); ECF No. 8 (same); ECF No. 9 (same). MCC agreed in good faith to Plaintiff's proposal to use subpoenas to identify the right defendant. That process took over six months. And the response to the subpoena Plaintiff issued confirmed that MCC should never been named as a defendant because it didn't call Plaintiff without consent more than once. A company named Fluent did. *See, e.g.*, ECF No. 9 (identifying Fluent).

2

Plaintiff nevertheless now refuses to dismiss MCC even though he expressly and repeatedly represented to the Court and MCC that Plaintiff would use the subpoena process to identify the correct Defendant. Plaintiff has not, and cannot, articulate any valid reason not to dismiss MCC and substitute the right defendant. Even more egregiously, *after confirming that MCC should not be in this case, Plaintiff extortionately demanded $65,000 to dismiss MCC before suing Fluent.* Plaintiff has thus flouted the parties' agreement and the Court-approved process to identify the correct parties to this action.

With that in mind, MCC states that—at maximum—the Court should only permit discovery on Plaintiff's individual TCPA claim, consistent with the phased discovery schedule outlined below.

To the extent the Court allows additional topics, MCC identifies the following: (1) issues raised in the pleadings as permitted under the Federal and Local Rules; (2) whether Plaintiff consented to receive the alleged calls; and (3) whether Plaintiff even has standing to sue MCC.

**Plaintiff**. Discovery will be needed on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses; (5) Defendant's negligence or willfulness regarding TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

      **b.**    *Bifurcation*. The parties recommend that discovery:
        ☐ need not be bifurcated.
        ☐ should be bifurcated between liability and damages.

3

☐ should be bifurcated between factual and expert.

☒ should be limited in some fashion or focused upon particular issues that relate to:

The parties disagree about bifurcation and outline their positions below.

**Defendant**. MCC never called Plaintiff more than once and is neither the correct Defendant nor responsible for any alleged TCPA violations. Rather than force the wrong defendant to engage in expensive class discovery that will be unnecessary if Plaintiff lacks a claim against MCC, the Court should phase discovery to resolve this threshold issue.

Under that schedule:

- The first 60 days of discovery will be limited to expedited discovery on Plaintiff's individual claims; namely, whether MCC (or anyone acting on its behalf) called Plaintiff more than once in a twelve-month period, which is a threshold element of her DNC claims;

- MCC will be permitted to file, within 30 days of the close of the first phase, a dispositive motion; and

If the Court denies MCC's dispositive motion, the parties will within 14 days submit a proposed schedule for class discovery.

Defendant's proposal is the most fair and efficient course for several reasons. *First*, a brief phased discovery schedule will allow the Court to address a threshold standing/jurisdictional issue—whether MCC called Plaintiff more than once in a 12-month period and, thus, whether his alleged injury is fairly traceable to MCC. *See, e.g.*, *Book v. Flexpro, LLC*, 2023 WL 9471634, at *1 (M.D. Fla. Sept. 11, 2023) (entering phased discovery schedule in TCPA class action to address threshold issues, like standing). Indeed, Sixth Circuit precedent *requires* "resol[ving] a threshold jurisdictional issue like standing before

4

reaching the 'merits' of a case." *Kitchen v. Whitmer*, No. 22-2160, 2024 WL 3218983, at *4 (6th Cir. June 28, 2024)

*Second*, it would make little sense to open the door to expensive class-wide discovery before addressing threshold issues. Nor does confirming that MCC is the wrong defendant overlap with any class discovery. Indeed, combing through extensive records of calls to people other than Plaintiff has no bearing on whether MCC placed or authorized all the calls alleged in the complaint. Phased discovery can thus "simplify the case and to save both parties the time and expense of class discovery[.]" *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021); *Moore v. Realgy*, 1:22-cv-02489, ECF No. 12 (N.D. Ill. Sept. 21, 2022) (granting bifurcated discovery in TCPA case alleging similar DNC violations to resolve whether defendant placed the calls).

*Third*, the interests of proportionality confirm that phased discovery should be granted, particularly given Rule 1's promise of a "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. MCC and third parties—but not Plaintiff—will bear the substantial and potentially unnecessary hardship of class discovery. A phased discovery approach will serve the interest of justice by avoiding unnecessary discovery expenses, and disputes before the Court, if Plaintiff's individual claims are disposed of at an earlier point. *See Cunningham v. Big Think Cap., Inc.*, 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021) (phasing discovery in TCPA case, noting there's good cause to do so where the resolution of a single issue may resolve the case and "render trial on the other issue[s] unnecessary").

*Fourth,* phased discovery will have no prejudicial effect on Plaintiff—**who's already agreed to forgo most discovery until this point**. MCC's harm, by contrast, is real and immediate. Unlike other lawsuits, "class actions involve the potential for hefty litigation expenses and an

5

extensive use of judicial resources in the resolution of these claims. It is also generally understood that the costs can be particularly enormous for defendants." *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (cits. omitted). Thus, phased discovery is the most efficient path forward for the parties—and the Court, which would have to police class discovery disputes—given the threshold questions that are likely to end the case without the need for any class-wide discovery.

Under such circumstances, courts in this Circuit and others often phase discovery because it is equitable, efficient, non-prejudicial, and justified (plaintiffs often agree to it, in fact). *See, e.g.*, *Charvat v. LE Energy, LLC*, No. 2:19-cv-1325, ECF No. 15 (S.D. Ohio June 21, 2019) (plaintiff, via **the same counsel here**, agreed to phase individual and class discovery in TCPA class action to address whether the named defendant placed the calls). *See, e.g.*, *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, ECF No. 12 (N.D. Ohio Feb. 25, 2020) (phasing discovery in TCPA to avoid forcing the massive expense of class discovery on defendant, which claimed it didn't place the calls); *Book v. Flexpro, LLC*, 2023 WL 9471634, at *1 (M.D. Fla. Sept. 11, 2023) (same in TCPA case); *Gates v. Support Servs. Grp., Inc.*, No. 6:22-cv-00045, ECF No. 10 (W.D. Tex. Mar. 30, 2022) (adopting proposed scheduling order for phased discovery, including 120 days for the first phase); *Moore v. Charter Commc'ns, Inc.,* No. 3:20-cv-01867, ECF No. 24 (D. Conn. March 24, 2021) (noting in TCPA class action that "discovery will be bifurcated into two phases and the first phase is devoted to plaintiff's individual claim"); *Connor v. Humana Commc'ns, Inc.,* No. 6:19-cv-2008, ECF No. 31 (D.S.C. Dec. 5, 2019) (same and allowing defendant to file an individual summary judgment motion); *May v. Gladstone et al.*, No. 2:21cv-02312, ECF No. 17, 19 (C.D. Cal. June 28, 2021) (similar); *Williams v. Tax Defense Network, LLC*, No. 2:20-cv-00312, ECF No. 15 (N.D. Ind. Nov. 5,

2020) (similar); *MacDonald v. R&H Indus., LLC*, No. 2:20-cv-00682, ECF No. 17 (D. Ariz. Jul. 17, 2020) (similar).

Tellingly, in all but one of the class actions where the undersigned has been counsel and the respective courts have ordered phased discovery, those cases never progressed to a point where class certification briefing or expert discovery was *ever required*. *See*, *e.g.*, *Charvat v. LE Energy, LLC*, No. 2:19-cv-1325, ECF No. 51 (S.D. Ohio Mar. 25, 2020) (stipulation to dismiss case); *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, ECF Nos. 54, 55 (N.D. Ohio June 7, 2022) (granting summary judgment); *Alley v. Eligo Energy*, LLC, 1:22-cv-04543, ECF No. 21 (N.D. Ill. Jan. 5, 2023) (stipulated dismissal); *Jimenez v. Social Firestarter LLC*, 1:22-cv-03834, ECF Nos. 17, 21 (stipulated dismissal) (N.D. Ill. Nov. 30, 2022); *Moore v. Realgy*, 1:22-cv-02489, ECF No. 12, 19 (N.D. Ill. July 12, 2022) (early resolution reached without discovery disputes after bifurcation); *Williams*, No. 2:20-cv-00312, ECF No. 27 (N.D. Ind. Feb. 25, 2021) (stipulation to dismiss case); *Moore v. Mega Energy, LP*, No. 1:19-cv-03703, ECF No. 19 (N.D. Ill. Jul. 18, 2019) (same); *MacDonald*, No. 2:20-cv-00682, ECF No. 23 (D. Ariz. Jan. 26, 2021) (same); *Connor*, 6:19-cv-2008, ECF No. 48 (D.S.C. Sept. 9, 2020) (same). This speaks to the efficiency of phased discovery, and it strongly counsels in favor entering a similar schedule here.

**Plaintiff:**

The Plaintiff opposes any bifurcated discovery. The fact that the calls at issue were physically transmitted to MCC's vendor does not render class discovery in this case unmanageable.

Furthermore, bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To

7

begin, the proposed bifurcation almost guarantees that the parties will need to duplicate their work and the Defendant can pursue its chosen defenses presented here through discovery. The inevitable disputes about what qualifies as merits vs. class discovery is thus a second reason to deny the request for bifurcation. Indeed, faced with a similar motion, another federal court judge denied a bifurcation request in another TCPA case earlier last year:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

See *Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

There is also real risk that the requested bifurcation will prejudice Plaintiff's through the loss of evidence held by third parties, such as any third-party vendors involved in the Defendant's calls. The risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue." As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-

8

parties in TCPA cases. *See e.g. Abramson v. All American Power and Gas PA, LLC,* Civil Action No. 2:20-cv-1173 (W.D. Pa. September 9, 2020); *Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014).

Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery and is proposing the same timeline that MCC seeks for bifurcated discovery.

    **c.**    *Recommended Discovery Deadlines.*

        i.    Disclosure of lay witnesses: See below.

        ii.    Disclosure and report of Plaintiff(s) expert(s): See below.

        iii.    Disclosure and report of Defendant(s) expert(s): See below.

        iv.    Disclosure and report of rebuttal expert(s): See below.

        v.    Discovery cutoff: See below.

**Plaintiff**. Plaintiff proposes the following with respect to all discovery without bifurcation.

| | |
|---|---|
| Disclosure of lay witnesses: | April 1, 2025 |
| Disclosure and report of Plaintiff's expert(s): | April 25, 2025 |
| Disclosure and report of Defendant's expert(s): | June 9, 2025 |
| Disclosure and report of rebuttal expert(s): | June 24, 2025 |
| Discovery cutoff: | August 8, 2025 |

**Defendant**. MCC proposes the following (pending phased discovery).

| | |
|---|---|
| Disclosure of lay witnesses: | April 1, 2025 |
| Disclosure and report of Plaintiff's expert(s): | April 25, 2025 |
| Disclosure and report of Defendant's expert(s): | June 9, 2025 |
| Disclosure and report of rebuttal expert(s): | June 24, 2025 |
| Discovery cutoff: | August 8, 2025 |

    **d.**    *Expert Testimony*. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2):

**Plaintiff**. An expert will be required to identify which numbers were on the National Do Not Call Registry when contacted.

**Defendant**. Under MCC's proposed bifurcated discovery timeline, MCC contends that expert discovery will be unnecessary. But if this matter does proceed to a second phase, MCC may retain experts (including for rebuttal) to analyze class data (if any).

    **e.**    *Discovery of Electronically Stored Information*. Have the parties discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced?

☒ Yes

☐ No

    i.    The parties have electronically stored information in the following formats:

The parties have agreed to discuss the format of documents and records before production. They will also endeavor to produce documents in PDF format and calling data.

    ii.    The case presents the following issues relating to disclosure,

10

discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

No extraordinary issues exist at this time

**f.** *Claims of Privilege or Protection*. Have the parties discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502?

☒ Yes

☐ No

    i.    The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

The parties have addressed this issue in their protective order.

    ii.    Have the parties agreed on a procedure to assert such claims AFTER production?

☐ No

☒ Yes

☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

**g.** *Limitations on Discovery*. Agreed changes in the limitations on discovery:

☐ Extension of time limitations (currently one 7-hour day) in taking depositions to

☐ Extension of number of depositions (currently 10) permitted to

☐ Extension of number of interrogatories (currently 25) to

☐ Other:

☒ None.

**h.** *Protective Order*. The parties:

11

☒ anticipate submitting a protective order to the Court on or before the following:

The parties state that the Court has already entered a protective order.

☐ do not currently anticipate the need for a protective order. If the parties later deem that one is necessary, they will submit a joint proposed order to the Court.

*The parties should be familiar with* Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, *825 F.3d 299 (6th Cir. 2016), its progeny, and the Court's procedure for sealing documents.*

5. **Motion Deadlines.** The parties recommend the following deadlines for filing:

   a. Motions directed to the pleadings: January 18, 2025.

   b. Motions to amend the pleadings and/or add additional parties: October 31, 2024.

   c. Dispositive motions:

**Plaintiff**. February 28, 2025.

**Defendant**. 60 days after a ruling on class certification, though MCC asks the Court for permission to file an early summary judgment motion following the close of phase 1 discovery, as described above.

6. **Hearing Dates.** The parties recommend the following dates for:

   a. Status conference (if any): Following the end of phase 1 discovery, as described above.

   b. Final pretrial conference:

**Plaintiff**. June 2025.

**Defendant**. Following the Court's rulings on certification and dispositive motions.

   c. Commencement of trial:

**Plaintiff**. July 2025

**Defendant**. Following the Court's rulings on certification and dispositive motions

    i.    Anticipated number of days: 5

**7.** **Settlement and Alternative Dispute Resolution.**

    **a.**    Suggestions as to the type and timing of efforts at Alternative Dispute Resolution: Private ADR.

    **b.**    Has a settlement demand been made? ☒ Yes ☐ No

A response? ☒ Yes ☐ No

Date by which a settlement demand can be made: Date by which a response can be made:

**8.** **Other matters pertinent to the scheduling or management of this litigation**:

**Plaintiff.** The parties agree that May 24, 2025 is an appropriate time to file the class certification motion.

**SUBMITTED BY:**

| | |
|---|---|
| */s/ Anthony I. Paronich* | */s/ Michael J. Zbiegien Jr.* |
| Anthony I. Paronich | TAFT STETTINIUS & HOLLISTER, LLP |
| Paronich Law, P.C. | Michael J. Zbiegien Jr. (0078352) |
| 350 Lincoln Street, Suite 2400 | mzbiegien@taftlaw.com |
| Hingham, MA 02043 | 200 Public Square, Suite 3500 |
| (508) 221-1510 | Cleveland, OH 44114-2302 |
| anthony@paronichlaw.com | Tel: (216) 706-3962 |
| | Fax: (216) 241-3707 |
| Counsel for the Plaintiff | |
| | WATSTEIN TEREPKA LLP |
| | 1055 Howell Mill Road, 8th Floor |
| | Atlanta, Georgia 30318 |
| | Tel: (404) 782-9821 |
| | Alexander D. Terepka (pro hac vice) |
| | alex@wtlaw.com |
| | Matthew A. Keilson (pro hac vice) |
| | mkeilson@wtlaw.com |
| | |
| | Counsel for Defendant |