# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ZACHARY JENKINS, on behalf of himself and others similarly situated,<br><br>    Plaintiff(s),<br><br>v.<br><br>FLUENT, INC.,<br><br>    Defendant. | Case No. 1:23-cv-00558-JPH<br><br>Judge Jeffery P. Hopkins<br><br>ORAL ARGUMENT REQUESTED |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Fluent, Inc. respectfully submits this Motion seeking an Order dismissing Plaintiff's First Amended Class Action Complaint in the above-entitled action, pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The basis for this motion is set forth in the accompanying Memorandum of Law.

Dated: September 29, 2025

Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry (#0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
(614) 668-8442
(614) 675-2210 fax
jeff@campbellperrylaw.com

/s/ Jason B. Sykes
Jason B. Sykes (#44369)
NEWMAN LLP
1201 Second Avenue, Suite 900
Seattle, WA 98101
(206) 274-2800
(206) 274-2801
jason@newmanlaw.com
(*Pro Hac Vice* application forthcoming)

Counsel for Fluent, Inc.

ii

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ........................................................................................................ III

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 2

    A.    Plaintiff makes only barebones jurisdictional allegations against Fluent. ..................... 2

    B.    Fluent is as an out-of-state intermediary platform and has no presence in Ohio. ........ 3

ARGUMENT ............................................................................................................................ 4

    A.    Plaintiff's jurisdictional allegations are conclusory and fail to establish facts supporting personal jurisdiction over Fluent. ................................................................ 4

    B.    This Court lacks general jurisdiction over Fluent because it is not "at home" in Ohio. .................................................................................................................................. 5

    C.    Ohio's long-arm statute does not permit exercising specific personal jurisdiction over Fluent. ............................................................................................................................ 7

        1.    Fluent's activities do not satisfy subsection (A)(1) or (A)(2). .............................. 8

        2.    Fluent has not committed tortious acts under subsection (A)(3), (4), or (6). .. 10

        3.    None of the other provisions of Ohio's long-arm statute applies. .................... 10

    D.    The exercise of personal jurisdiction over Fluent would be inconsistent with the Fourteenth Amendment's due-process principles. ..................................................... 11

CONCLUSION ....................................................................................................................... 12

**CERTIFICATE OF SERVICE** ........................................................................................... 14

# TABLE OF AUTHORITIES

## Cases

*Air Prods. & Controls v. Safetech Int'l*, 503 F.3d 544 (6th Cir. 2007) .............................. 4

*Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002) .............................. 11

*BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017) .............................. 5

*Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017) .............................. 11

*Brunner v. Hampson*, 441 F.3d 457 (6th Cir. 2006) .............................. 4

*Conn v. Zakharov*, 667 F.3d 705 (6th Cir. 2012) .............................. 4

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) .............................. 5, 6

*Fabec v. Debt Mgmt. Partners, LLC*, No. 1:18-CV-01537-DCN, 2018 WL 4830085, at *7 (N.D. Ohio Oct. 4, 2018) .............................. 10

*Goldstein v. Christiansen*, 638 N.E.2d 541 (Ohio 1994) .............................. 4

*Indus. Fiberglass Specialties, Inc. v. ALSCO Indus. Prods.*, No. 3:08-cv-0351, 2009 WL 982805 (S.D. Ohio Apr. 13, 2009) .............................. 8

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .............................. 11

*Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784 (Ohio 2010) .............................. 4

*Marrik Dish Co., LLC v. Wilkinson CGR Cahaba Lakes, LLC*, 835 F. Supp. 2d 449 (N.D. Ohio 2011) .............................. 8

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002) .............................. 4

*Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F. Supp. 3d 822 (S.D. Ohio 2021) .... 8

*Reg Transp. Servs., LLC v. Dutch Miller Chrysler/Jeep/Ram*, No. 2:18-cv-1176, 2019 WL 3413858 (S.D. Ohio July 29, 2019) .............................. 9

*Ricker v. Fraza/Forklifts of Detroit*, 828 N.E.2d 205 (Ohio 2005) .............................. 8

*Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991) .................................................................. 4, 5

**Statutes**

47 U.S.C. § 227 .................................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................................... 1

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Under Federal Rule of Civil Procedure 12(b)(2), Defendant Fluent, Inc. ("Fluent") respectfully moves the Court to dismiss Plaintiff's First Amended Complaint ("FAC") (Dkt. No. 19) because the Court lacks personal jurisdiction over Fluent.

### INTRODUCTION

The claim that this Court has personal jurisdiction over Fluent is fatally flawed for at least four reasons:

First, Fluent did not make the telemarketing calls at issue. Zeta Global Corp. ("Zeta") placed the calls to Plaintiff and then used Fluent's platform to connect one of those calls to a third party. Fluent neither made these calls nor directed anyone to make them.

Second, Fluent is not "at home" in Ohio such that it would be subject to this Court's general personal jurisdiction. Fluent is incorporated in Delaware, headquartered in New York, and has no offices in Ohio. While Fluent has one employee (hired in 2022) and one contractor (engaged in 2023) in Ohio, this minimal presence falls far short of the continuous and systematic contacts required for general jurisdiction.

Third, Fluent is not subject to specific personal jurisdiction under Ohio's long-arm statute. While Fluent has engaged in certain business transactions with Ohio entities, none of those transactions give rise to Plaintiff's claims about Medicare insurance telemarketing. The sole transaction at issue—Fluent's role as an intermediary between Zeta and insurance sellers—involved no Ohio entities and had no connection to the state. Moreover, because Fluent did not make the alleged calls, it could not have committed the tortious acts necessary to trigger the statute's tort-based provisions.

And even if the Court were to conclude that jurisdiction is authorized under the statute,

1

exercising it over Fluent would be inconsistent with the Fourteenth Amendment's due process protections. Fluent has no minimum contacts with Ohio related to Plaintiff's claims, and forcing an out-of-state corporation with no relevant Ohio connections to defend against claims arising from third-party conduct would offend traditional notions of fair play and substantial justice.

## BACKGROUND

**A. Plaintiff makes only barebones jurisdictional allegations against Fluent.**

On September 6, 2023, Plaintiff filed a complaint against MCC Brokerage, LLC, alleging violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Dkt. No. 1.) Specifically, Plaintiff claimed he received unsolicited telemarketing calls in violation of the TCPA and that those calls were made on behalf of MCC Brokerage.

Plaintiff then filed a First Amended Complaint on August 14, 2025, substituting Fluent for MCC Brokerage as the defendant and accusing Fluent of making all fourteen of the calls at issue. (Dkt. No. 19.) The FAC alleges that Plaintiff, an Ohio resident whose phone number has been on the National Do Not Call Registry since June 4, 2021, received fourteen unsolicited telemarketing calls between June 7 and August 11, 2023, all from caller ID number (380) 228-6694, advertising Medicare supplemental insurance through scripted sales pitches. (FAC ¶¶ 5, 18–19, 22–26.) During these calls, the telemarketer allegedly asked for Plaintiff's zip code and current insurance coverage to determine pricing and qualifications for Medicare supplemental insurance services. (FAC ¶ 27.) Plaintiff alleges that although he informed the caller on multiple occasions that he was not interested, including on the June 7, 15, and 19 calls, the calls continued. (FAC ¶¶ 28–29.)

But Plaintiff's jurisdictional allegations are relegated to a single paragraph, making a barebones accusation that Fluent "regularly engages in business in this District, including making telemarketing calls into this District and soliciting business into this District." (FAC ¶ 8.)

2

**B.  Fluent is as an out-of-state intermediary platform and has no presence in Ohio.**

In truth, Fluent did not make the alleged telemarketing calls to Plaintiff, nor did it ask any company to make such calls (Declaration of Jeff Richard ("Richard Decl.") ¶ 13). Fluent operates a platform that processes call transfers originating from third-party call centers and connects them to other third-parties. (*Id.* ¶ 14). Fluent's only involvement in this matter was serving as an intermediary platform connecting Zeta Global Corp. (the entity that made the call) with AL Marketing, LLC d/b/a Amerilife (the entity that received it) for one of the calls alleged in Plaintiff's complaint. (*Id.* ¶ 15). At no point did Fluent have any contact with the consumer—Fluent never answered the transferred call, never spoke to Plaintiff, and served only as an automated intermediary platform that facilitated the connection between Zeta and Amerilife. (*Id.* ¶ 16). Critically, Fluent never requested that Zeta make any of the calls at issue in the motion, either on Fluent's behalf or on behalf of any third-party advertiser. (*Id.* ¶ 17). And Fluent's activity did not entail any connection to Ohio (*Id.* ¶ 18).

Indeed, Fluent is incorporated in Delaware and has its principal place of business in New York (Richard Decl. ¶ 3). The company has no meaningful presence in Ohio:

- Fluent does not have offices in Ohio (*Id.* ¶ 4).
- Fluent has only one remote employee in Ohio, hired in 2022 (*Id.* ¶ 5).
- Fluent has only one remote contractor in Ohio, engaged in 2023 (*Id.* ¶ 6).
- Fluent is not licensed to do business in Ohio (*Id.* ¶ 9).
- Fluent does not use Ohio banks (*Id.* ¶ 10).
- Fluent does not own any real property in Ohio (*Id.* ¶ 11).

Even the business transaction through which Fluent facilitated the transfer between Zeta and Amerilife had no nexus to Ohio—neither Zeta nor Amerilife is an Ohio company—and the arrangement was negotiated and performed entirely outside Ohio (*Id.* ¶ 18).

3

## ARGUMENT

A court must dismiss an action against any defendant over whom it lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Unlike other jurisdictions, Ohio does *not* have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of federal due process law. *Goldstein v. Christiansen*, 638 N.E.2d 541, 545 n.1 (Ohio 1994); *Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006). So, in Ohio, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Due Process Clause. *Conn v. Zakharov*, 667 F.3d 705, 712–13 (6th Cir. 2012); *Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784, 790 (Ohio 2010).

Plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *Air Prods. & Controls v. Safetech Int'l*, 503 F.3d 544, 549 (6th Cir. 2007). In the face of a properly supported motion to dismiss, the plaintiff "may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To meet this burden, the plaintiff must establish with reasonable particularity sufficient contacts between each Defendant and the forum state to support jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).

**A. Plaintiff's jurisdictional allegations are conclusory and fail to establish facts supporting personal jurisdiction over Fluent.**

Plaintiff's First Amended Complaint fails to allege specific jurisdictional facts demonstrating that this Court has personal jurisdiction over Fluent. Instead, Plaintiff relies on the bare, conclusory assertion that Fluent "regularly engages in business in this District, including making telemarketing calls into this District and soliciting business into this District." (FAC ¶ 8.) But this is fiction. The only specific facts Plaintiff alleges relate to the telemarketing calls

4

themselves—that Fluent allegedly placed calls to Plaintiff's Ohio phone number advertising Medicare insurance. (FAC ¶¶ 22–32.) Fluent did not make these calls; Zeta did. (Richard Decl. ¶ 13.) In the face of Fluent's evidence to the contrary, Plaintiff's formulaic recitation of jurisdictional grounds, unsupported by specific factual allegations, is insufficient to establish personal jurisdiction. *Theunissen*, 935 F.2d at 1458.

**B.    This Court lacks general jurisdiction over Fluent because it is not "at home" in Ohio.**

The exercise of general jurisdiction only comports with due process when an entity's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotation marks and alterations omitted). Importantly, this "continuous and systematic" inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id.* at 138–39 (internal quotation marks omitted).

This only occurs in "exceptional" circumstances, such that the "at home" requirement is generally only satisfied if the entity is incorporated or has its principal place of business in the forum state. *Id.* at 139 & n.19. As the Supreme Court explained, the "paradigm" all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). Outside of these paradigmatic bases, general jurisdiction requires an "exceptional case" where a corporation's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19.

Here, Fluent is incorporated in Delaware and maintains its principal place of business in New York. (Richard Decl. ¶ 3). Neither of these paradigmatic bases for general jurisdiction connects Fluent to Ohio. This fact alone typically ends the general jurisdiction inquiry. *See BNSF*,

5

581 U.S. at 414 (rejecting general jurisdiction where defendant was neither incorporated nor headquartered in the forum state).

Moreover, Fluent has none of the attributes that would mark it as "at home" in Ohio. The company has no offices in Ohio, only one remote employee (hired in 2022) and one remote contractor (engaged in 2023) in Ohio, owns no real property in Ohio, is not licensed to do business in Ohio, and does not use Ohio banks. (Richard Decl. ¶¶ 4–6, 9–11). This minimal presence—a single remote employee and remote contractor out of Fluent's entire workforce—demonstrates a complete absence of the type of systematic and continuous contacts that might, in exceptional circumstances, render a corporation at home outside its state of incorporation and principal place of business.

Plaintiff does not meaningfully contend otherwise. Instead, Plaintiff alleges in conclusory fashion that Fluent "regularly engages in business in this District, including making telemarketing calls into this District and soliciting business into this District." (FAC ¶ 8.) But this bare assertion, even if true (which it is not), would be insufficient to establish general jurisdiction. The Supreme Court in *Daimler* explicitly rejected the notion that "a corporation that operates in many places can scarcely be deemed at home in all of them." 571 U.S. at 139 n.20. Even substantial business activities in a state—which Fluent does not have—are insufficient to render a corporation "at home" there for purposes of general jurisdiction.

The limited business transactions Fluent has engaged in with certain Ohio entities fall far short of the exceptional circumstances required for general jurisdiction. Engaging in commerce with forum residents, even regularly, does not render a corporation "at home" in that state. *See Daimler*, 571 U.S. at 138–39 (rejecting general jurisdiction even where defendant had $4.6 billion in sales, "regional headquarters," and "multiple facilities" in the forum state). Without the

6

continuous and systematic affiliations that would render it essentially at home in Ohio, Fluent cannot be subject to general jurisdiction there.

### C. Ohio's long-arm statute does not permit exercising specific personal jurisdiction over Fluent.

The Court's analysis of whether it has specific jurisdiction over Fluent is governed by Ohio's long-arm statute, which provides:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> > (1) Transacting any business in this state;
> >
> > (2) Contracting to supply services or goods in this state;
> >
> > (3) Causing tortious injury by an act or omission in this state;
> >
> > (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> >
> > (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> >
> > (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state;
> >
> > (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity.
> >
> > (8) Having an interest in, using, or possessing real property in this state;
> >
> > (9) Contracting to insure any person, property, or risk located within this state at the time of contracting."

Ohio Rev. Code § 2307.382(A).

The statute requires that a court may exercise jurisdiction only "as to a cause of action arising from" one of the enumerated acts. This means that for jurisdiction to attach under any subsection, Plaintiff's cause of action must arise from the specific conduct described in that subsection. Plaintiff has not identified which provision allegedly applies, but none of the statutory bases can establish jurisdiction over Fluent.

1. **Fluent's activities do not satisfy subsection (A)(1) or (A)(2).**

Subsection (A)(1) permits jurisdiction when a defendant "transact[s] any business in this state," but only as to causes of action arising from that transaction. While Plaintiff alleges that his cause of action arises from Fluent making telemarketing calls to him in Ohio, this allegation is demonstrably false. Again, Fluent did not make the calls—Zeta did. Nor did Zeta make the calls on Fluent's behalf. So Plaintiff's claims cannot arise from Fluent "transacting business" through telemarketing calls it never made.

Courts evaluate the "transacting any business" test on a case-by-case basis through a fact-sensitive analysis. *Marrik Dish Co., LLC v. Wilkinson CGR Cahaba Lakes, LLC*, 835 F. Supp. 2d 449, 453 (N.D. Ohio 2011). Two factors have emerged as important guideposts: (1) whether the defendant reached out to the plaintiff in the forum state to create a business relationship; and (2) whether the parties conducted their contract negotiations in the forum state or agreed on terms affecting the forum state. *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F. Supp. 3d 822, 828 (S.D. Ohio 2021) (citing *Ricker v. Fraza/Forklifts of Detroit*, 828 N.E.2d 205, 209–10 (Ohio 2005)). "[M]erely directing communications to an Ohio resident for the purpose of negotiating an agreement" or fulfilling a contract, "without more, is insufficient" to establish that a defendant transacts business in the state. *Indus. Fiberglass Specialties, Inc. v. ALSCO Indus. Prods.*, No. 3:08-cv-0351, 2009 WL 982805, at *4 (S.D. Ohio Apr. 13, 2009).

The only actual transaction from which Plaintiff's claims could theoretically arise is Fluent's role as an intermediary platform between Zeta and Amerilife—neither of which is an Ohio entity (Richard Decl. ¶¶ 15, 18). This transaction was not negotiated in Ohio, did not involve Ohio parties, and had no connection to Ohio (*Id.* ¶ 18). Fluent never reached out to Plaintiff to create any business relationship, never conducted negotiations with him, and never agreed to any terms affecting Ohio. (*Id.* ¶ 16). While Fluent has engaged in certain unrelated business transactions with Ohio entities, none of these transactions give rise to Plaintiff's claims about Medicare insurance telemarketing calls (*Id.* ¶ 18). Transactions in different industries, involving different business units, or occurring at different times than the alleged conduct cannot establish the necessary nexus required by the long-arm statute. The statute requires that the cause of action arise from the specific business transacted in Ohio, not from unrelated commercial relationships.

Subsection (A)(2) similarly does not apply. This provision covers "contracting to supply services or goods in this state," but "[t]he actual transaction of business in-state is a prerequisite to the exercise of long-arm jurisdiction under § 2307.382(A)(2)." *Reg Transp. Servs., LLC v. Dutch Miller Chrysler/Jeep/Ram*, No. 2:18-cv-1176, 2019 WL 3413858, at *3 (S.D. Ohio July 29, 2019). Jurisdiction under this subsection is proper only when the defendant was obligated to deliver "goods or services *in Ohio*." *Id.* (emphasis in original). Fluent did not supply any services or goods in Ohio related to this matter. The transfer services Fluent provided were supplied to Zeta and Amerilife, neither of which is an Ohio entity, and these services were performed entirely outside Ohio. (Richard Decl. ¶ 18). Fluent had no contract with Plaintiff and supplied no services to him or any other Ohio resident in connection with the alleged calls. (*Id.* ¶ 16).

### 2. Fluent has not committed tortious acts under subsection (A)(3), (4), or (6).

Subsection (A)(3) addresses tortious injury "by an act or omission in this state." This requires the defendant's physical presence in Ohio. Fluent has no physical presence in Ohio and did not commit any acts within the state (Richard Decl. ¶¶ 4, 11).

Subsections (A)(4) and (6) address tortious injury in Ohio caused by acts outside the state. While Plaintiff alleges that Fluent made phone calls to him in Ohio, the phone call to Plaintiff was, in fact, placed by Zeta Global Corp., and Fluent served only as an intermediary platform that facilitated the connection between Zeta and Amerilife. (*Id.* ¶¶ 13–15).

Moreover, a defendant must actually commit the tortious act for jurisdiction to attach under these subsections. *Fabec v. Debt Mgmt. Partners, LLC*, No. 1:18-CV-01537-DCN, 2018 WL 4830085, at *7 (N.D. Ohio Oct. 4, 2018). But here Fluent did not place the call, did not request that Zeta place the call, nor was the call placed on Fluent's behalf. (Richard Decl. ¶¶ 13, 17). Without having made the calls, Fluent could not have committed the tortious conduct necessary to trigger these provisions of the long-arm statute.

### 3. None of the other provisions of Ohio's long-arm statute applies.

The remaining subsections of Ohio's long-arm statute are inapplicable. Subsection (A)(5) addresses breach of warranty in the sale of goods, which is not alleged here. Subsection (A)(7) requires a criminal act, which is not at issue. Subsection (A)(8) requires ownership or use of real property in Ohio, which Fluent does not have (Richard Decl. ¶ 11). And Subsection (A)(9) involves insurance contracts, which are not relevant to this TCPA case. Accordingly, none of these provisions can support personal jurisdiction.

### D. The exercise of personal jurisdiction over Fluent would be inconsistent with the Fourteenth Amendment's due-process principles.

Even if Ohio's long-arm statute authorized jurisdiction—which it does not—exercising jurisdiction over Fluent would violate the Fourteenth Amendment's Due Process Clause. The Due Process Clause requires that the defendant have sufficient "minimum contacts" with the forum state so that finding personal jurisdiction does not "offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Sixth Circuit applies a three-part test for specific jurisdiction: (1) the defendant must purposefully avail itself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant must have a substantial enough connection with the forum state to make jurisdiction reasonable. *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002). Plaintiff fails to satisfy all three elements.

First, Fluent has not purposefully availed itself of Ohio's jurisdiction. While Fluent has conducted certain business with Ohio entities, none of those contacts relate to the Medicare insurance telemarketing at issue. The relevant inquiry is whether Fluent has purposefully established minimum contacts related to Plaintiff's claims, not whether it has any contacts with Ohio. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017). Fluent's role as an intermediary between two non-Ohio companies, with no knowledge or control over where Zeta might direct calls, does not constitute purposeful availment.

Second, the claims do not arise from Fluent's activities in Ohio. The alleged calls were made by Zeta through a transaction that had no connection to Ohio or Fluent's unrelated business relationships with Ohio entities.

Third, exercising jurisdiction would be unreasonable. Fluent would be forced to defend itself in a forum where it has no offices, no property, and no business operations related to the

alleged conduct. (Richard Decl. ¶¶ 4–11). Its one remote employee and one remote contractor in Ohio have no connection to the platform at issue. (*Id.* ¶ 8). All relevant witnesses and evidence are located outside Ohio—Fluent's platform operations are in Delaware and New York, Zeta is located outside Ohio, and Amerilife is located outside Ohio. (*Id.* ¶ 12). Ohio's only connection is Plaintiff's residence, which alone cannot render jurisdiction reasonable when weighed against the complete absence of any other relevant connections.

## CONCLUSION

There is no basis to haul Fluent from its Delaware and New York offices into an Ohio courtroom to defend against false allegations about calls it did not make or have made on its behalf. And doing so "offends traditional notions of fair play and substantial justice." The Court should dismiss Fluent from this case for lack of personal jurisdiction.

Dated: September 29, 2025                    Respectfully submitted,

/s/ *Jeffrey T. Perry*
Jeffrey T. Perry (#0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
(614) 668-8442
(614) 675-2210 fax
jeff@campbellperrylaw.com


/s/ *Jason B. Sykes*
Jason B. Sykes (#44369)
NEWMAN LLP
1201 Second Avenue, Suite 900
Seattle, WA 98101
(206) 274-2800
(206) 274-2801
jason@newmanlaw.com
(*Pro Hac Vice* application forthcoming)

12

*Counsel for Fluent, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the United States of America and the laws of the State of Ohio that on September 29, 2025, I caused true and correct copies of the foregoing documents to be served by the method(s) listed below on the following interested parties:

**Via CM/ECF**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Pro Hac Vice*

Brian T. Giles (0072806)
The Law Offices of Brian T. Giles
1470 Apple Hill Road
Cincinnati, Ohio 45230
(513) 379-2715
Brian@GilesFirm.com

*Attorneys for Plaintiff*

I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2025.

/s/ *Jeffrey T. Perry*
Jeffrey T. Perry (#0088989)

14